*Filed in open court on 6/20/06* CB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 06-33-JJF |
| | ) | |
| ADRIAN TURNER, a/k/a BOOP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Richard G. Andrews, First Assistant United States Attorney for the District of Delaware, and the defendant, Adrian Turner, by and through his attorney, Dennis Caglia, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant shall plead guilty in the United States District Court for the District of Delaware to Count II of the Indictment, which charges him with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and to Count VI of the Indictment, which charges him with the use of a telephone to facilitate a drug felony, in violation of 21 U.S.C. § 843(b).

2.  The defendant understands that as a consequence of his guilty plea, the maximum sentence for the conviction on Count II is twenty (20) years imprisonment, a fine of $1,000,000, lifetime supervised release with a minimum of three years of supervised release, and a $100 special assessment, and the maximum sentence on Count VI is four (4) years imprisonment, a fine of $250,000, three years supervised release, and a $100 special assessment. The defendant understands these penalties could be imposed consecutively, and therefore that he could be imprisoned for up to twenty-four (24) years, fined up to $1,250,000, placed on life plus three years of supervised release, and required to pay special assessments totaling $200.

3.   The United States agrees to move to dismiss Counts I, III, IV, V, and VII of the Indictment at the time of the sentencing.

4.   The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty, that is, in relation to Count II, that: (1) on or about September 21, 2004, the Defendant possessed a substance; (2) the substance was heroin; (3) the Defendant acted knowingly; and (4) the Defendant acted with the intent that the substance would be distributed to one or more other persons; and, in relation to Count VI, that: (1) on or about November 19, 2004, the Defendant knowingly and intentionally used a telephone; and (2) that he used the telephone to facilitate the Defendant's possession of heroin with the intent to distribute it.

5.   The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). He understands that the final determination of the sentencing guidelines will be up to the sentencing judge. Based on the defendant's conduct to date, the United States agrees that the defendant should obtain a two level reduction for acceptance of responsibility, and the United States will agree to move for a further one point reduction due to Defendant's timely decision to enter a guilty plea. The defendant understands that the Court is not bound by any agreement between the parties, and, if the Court calculates the guidelines differently than he expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

6.   The United States and the defendant stipulate that a reasonable estimate of the amount of heroin for which he should be held accountable under the sentencing guidelines is more than 100 grams of heroin. With acceptance of responsibility, this would result in a final offense level of 23. The parties

agree that if the Court sentences the defendant within the guideline range applicable to offense level 23 and the defendant's criminal history category, both parties will waive any right to appeal the defendant's sentence.

7.  The defendant agrees to pay the $200 special assessments the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8.  It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_Dennis P. Caglia  6/16/06_          By: _Richard G. Andrews_
Dennis Caglia, Esquire                    Richard G. Andrews
Attorney for Defendant                    First Assistant United States Attorney

_Adrian Turner_
Adrian Turner, Defendant

Dated: 6/16/06

AND NOW, this 20 day of June, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_Joseph J. Farnan, Jr._
HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE

3